# Exhibit A

| **Summons** | CIVIL DOCKET NO.<br><br>2272CV00198 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME: | | Scott W. Nickerson   Clerk of Courts |
|---|---|---|
| Tom SOUZA<br><br>VS.   Plaintiff(s) | | Barnstable County   County<br>COURT NAME & ADDRESS:<br>Barnstable County Superior Court<br>3195 Main Street |
| Chevron Holdings LTD   Defendant(s) | | Barnstable, MA 02630 |

THIS SUMMONS IS DIRECTED TO  Chevron Holdings LTD  (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the     Barnstable Superior     Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,     Barnstable Superior     Court
    P.O. Box 425 or 3195 Main St., Barnstable, MA 02630   (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
Ross B. Greenstein, Esq.  225 Friend St, Ste 102, Boston MA 02114

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on July 26 , 20 22 (Seal)

Clerk-Magistrate Scott W. Nickerson

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

  **PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS.                          SUPERIOR COURT
                                         CIVIL ACTION NO.:

_____     )
                            )
TOM SOUZA,                  )
                            )
          Plaintiff,        )
                            )
v.                          )
                            )
CHEVRON HOLDINGS LTD,       )
                            )
          Defendant.        )
_____     )

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES AND FACTS

1. The Plaintiff, Tom Souza, resides in Falmouth, Barnstable County, Massachusetts.

2. The Defendant, Chevron Holdings LTD, (hereafter "Chevron") is a limited liability company with its principal place of business at 1203 E Warrenville Road, Naperville, Illinois, and doing business in the Commonwealth of Massachusetts.

3. Upon information and belief, Chevron Holdings Ltd. designed, developed, formulated, manufactured, tested, inspected, advertised, promoted, marketed, packaged, distributed and sold the product known as the "EGO Power+ Hedge Trimmer Model HT2410" (hereinafter the "Subject Trimmer").

4. This action arises out of injuries sustained in Massachusetts sufficient to confer personal jurisdiction over the Defendant pursuant to the Massachusetts long arm statute in that Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in Massachusetts.

5. On or about May 28, 2019, the Plaintiff, Tom Souza, was safely and appropriately operating an EGO Power+ Hedge Trimmer.

6. At all times pertinent hereto, Defendant was engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of the subject model hedge trimmers, including the specific subject trimmer which is the subject of this action.

7. On or about May 28, 2019, as the Plaintiff, Tom Souza, was safely and appropriately operating an EGO Power+ Hedge Trimmer, when he sustained severe injuries due to the dangerous and defective product.

8. Plaintiff, Tom Souza, picked up the subject trimmer from the ground with one hand on the designated handle when it powered on without activation of the allegedly necessary other trigger mechanisms.

9. The sudden starting of the defective product caused it to strike Plaintiff's other hand with the blade, injuring him.

10. The subject trimmer claims to be designed to require two hands and two triggers to be operated, activated, and/or for the blade to start moving.

11. It should not be possible for the subject trimmer to start without two hands on the two triggers and therefore should not be possible for it to start with a hand on the blade.

12. The subject trimmer was defective, dangerous, hazardous, did not operate as designed, and did not operate with proper safety mechanisms.

13. As a result of this incident, Mr. Souza sustained serious, permanent, and disabling personal injuries.

## COUNT I – NEGLIGENCE

14. Plaintiff repeats the preceding paragraphs as if expressly set forth herein.

15. The injuries sustained by Mr. Souza were a direct and proximate result of the carelessness and negligence of Chevron as follows:

   a. The Defendant negligently designed, developed, formulated, manufactured, tested, inspected, advertised, promoted, marketed, packaged, distributed and sold the product;

   b. The Defendant negligently failed to warn or instruct, or adequately warn or adequately instruct, Plaintiff and other users concerning the dangers of the machine and the safe and proper method of operating it;

   c. The Defendant negligently exposed persons to unreasonable hazards due to the dangerously defective machine; and

   d. The Defendant negligently failed to ensure that the machine would be operated with adequate safety devices.

16. As a direct and proximate result of the negligence of the Defendant as set forth herein, Plaintiff was caused to sustain severe and permanent injuries to his hand. He has had extensive medical care and treatment including surgery. His quality of life has been adversely affected. He does not enjoy life as he did prior to the occurrence.

WHEREFORE, Plaintiffs pray judgment against Defendant, together with interest and costs.

## COUNT II – BREACH OF WARRANTY

17. Plaintiff repeats the preceding paragraphs as if expressly set forth herein.

18. Defendant expressly and impliedly warranted to Plaintiff, and to the general public, that said product was safe, merchantable and fit for its intended purposes and uses.

19. Defendant breached its warrant because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes.

20. Plaintiff relied on the warranties made by Defendant, and Plaintiff sustained injury as the direct and proximate result of the breaches of warranties by Defendant.

21. Due notice has been given to Defendant of its breaches of warranty.

22. As a direct and proximate result of the breach of warranty as set forth herein, the Plaintiff was caused to sustain severe and permanent injuries to his hand. He has had extensive medical care and treatment including surgery. His quality of life has been adversely affected. He does not enjoy life as he did prior to this occurrence.

WHEREFORE, Plaintiffs pray judgment against Defendant, together with multiple damages, interest and costs.

## COUNT III – DEFECTIVE DESIGN

23. Plaintiff repeats the preceding paragraphs as if expressly set forth herein.

24. Defendants knew or should have known that the trimmer, as manufactured, designed, marketed, packaged, and/or distributed, contained a defect that made it unsafe for its intended use.

25. Despite said knowledge, Defendants sold, marketed, packaged, and/or distributed the trimmer to consumers, including Plaintiff.

26. As a direct and proximate result of Defendants' negligence, as aforesaid, Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a lost of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

## COUNT IV – FAILURE TO WARN

27. Plaintiff repeats the preceding paragraphs as if expressly set forth herein.

28. Defendant knew or should have known that the trimmer, as manufactured, designed, marketed, packaged, and/or distributed, contained a defect that made it unsafe for its intended use.

29. Despite said knowledge, Defendant sold, marketed, packaged, and/or distributed the trimmer to consumers, including Plaintiff, without adequate warning of its defective design and/or packaging and/or instruction for its safe use.

30. As a direct and proximate result of Defendants' negligence, as aforesaid, Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a lost of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

## COUNT V -STRICT LIABILITY

31. Plaintiff repeats the preceding paragraphs as if expressly set forth herein.

32. The trimmer manufactured, designed, distributed, packaged, and/or marketed by the Defendants was unreasonably dangerous, defective and unsafe for use.

33. As a direct and proximate of the aforesaid, Plaintiff suffered severe and permanent injuries, has suffered, and will continue to suffer severe pain and emotional damages, has incurred, and will continue to incur medical bills and other expenses, has lost wages and suffered a lost of earning capacity, has been prevented from carrying on his usual activities, and has otherwise been damaged.

THE PLAINTIFF, TOM SOUZA, DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY

Respectfully submitted by,
Plaintiff, Tom Souza,
By his attorney,

*Ross Greenstein*

Ross B. Greenstein, Esq., BBO#: 682222
JASON STONE INJURY LAWYERS
225 Friend Street, Suite 102
Boston, MA 02114
(617) 523-4357
RBG@StoneInjury.com

Date: 5/17/2022